47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie A. HAMILTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie A. HAMILTON, Defendant-Appellant.
 Nos. 94-30254, 94-30255.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1995.*
Decided Feb. 14, 1995.
 
 Before: PREGERSON, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 1. Evidence of the two counterfeit checks was admitted solely for the purpose of rebutting defendant's contention that he lacked intent to defraud, an essential element of the charge under 18 U.S.C. Sec. 2314. The district court did not abuse its discretion in admitting the evidence under Fed.R.Evid. 404(b) and 403. See United States v. Freeman, 6 F.3d 586, 599 (9th Cir.1993); United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989).
 
 
 3
 2. The prosecutor's reference to Hamilton as a "professional criminal" during closing argument was not improper. Considered in context, this remark clearly referred to the sophistication and skill with which Hamilton executed his counterfeiting scheme, not to a past history of criminal conduct as was the case in United States v. Blakey, 14 F.3d 1557, 1559-60 (11th Cir.1994). See ER 16 ("Maybe [defense counsel]'s right. Maybe [defendant]'s not a professional. Maybe an amateur uses a Paymaster. Maybe an amateur goes to the store to get the bond paper. Maybe amateurs go to all the effort that this defendant did to obtain the car and the lodging and come across this border.").
 
 
 4
 3. The district court properly imposed a two-level increase under U.S.S.G. Sec. 3C1.1. Hamilton's attempt to mislead his arresting officers by providing false identification documents constituted an obstruction of justice. See id. Sec. 3C1.1. n. 3(c).
 
 
 5
 4. As the government concedes, the district court should have calculated Hamilton's combined offense level and imposed concurrent rather than consecutive sentences under U.S.S.G. Sec. 5G1.2. See United States v. Brady, 928 F.2d 844, 849-50 (9th Cir.1991). The government also concedes that the district court's restitution order for the ring (in the amount of $2,765) was in error. The $2,765 loss was not caused by either of the offenses Hamilton was convicted of, and must therefore be vacated. See United States v. Baker, 25 F.3d 1452, 1456-57 (9th Cir.1994).
 
 
 6
 Hamilton's convictions are AFFIRMED. His sentence is VACATED and REMANDED for resentencing in accordance with this disposition. The motion for bail pending appeal is denied as moot. The mandate shall issue forthwith. Fed.R.App.P. 2.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3